# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-34092 |
| | ) | |
| ADETAYO ADEGOKE, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |
| | ) | |

## OBJECTION TO CONFIRMATION OF DEBTOR'S
## FIRST AMENDED PROPOSED CHAPTER 13 PLAN

**NOW COMES** 3Cloud, LLC ("3Cloud") and files this Objection to Confirmation of Debtor's First Amended Proposed Chapter 13 Plan pursuant to 11 U.S.C. 1325(a)(1), (a)(3) and (b)(1), showing the Court as follows:

1. On December 6, 2019, Adetayo Adegoke ("Debtor") filed a Voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code, thereby commencing the above captioned bankruptcy case.

**The District Court Litigation**

2. Debtor is a former employee of 3Cloud. Shortly after resigning, Debtor was hired by Concurrency, Inc., 3Cloud's competitor. Around this time, 3Cloud became aware that Debtor misappropriated property and materials belonging to 3Cloud. Among other things, Debtor's actions constituted breaches of the terms of his Employment Agreement and/or Confidential Information and Non-Solicitation Agreement.

3. On January 4, 2018, 3Cloud filed its Complaint in the United States District Court for the Northern District of Illinois, thereby commencing *3Cloud, LLC v. Concurrency, Inc. and Adetayo Adegoke*, Case No. 1:18-CV-0076 ("District Court Litigation"). In its Complaint, 3Cloud

seeks recovery of damages resulting from Debtor's actions. The District Court Litigation remains pending.

4. Given the prospect of a substantial adverse judgment in the District Court Litigation, Debtor filed the above captioned Chapter 13 case.

## The Bankruptcy Case

5. On December 18, 2019, Debtor filed his proposed Chapter 13 Plan ("Original Plan"). (Dkt. No. 20).

6. Pursuant to the terms of the Original Plan, Debtor proposed to pay his general unsecured creditors $59,217.60 over five years. These payments were to be funded by monthly plan payments of $1,096.62. (Dkt. No. 20).

7. 3Cloud objected to the Original Plan on the basis that it was proposed in bad faith and permitted Debtor to retain substantial monthly income to the determinant of his general unsecured creditors. Specifically, 3Cloud contended that Debtor's disposable income calculation was artificially reduced by the inclusion of improper legal expenses, reimbursable tuition costs and improper childcare costs. 3Cloud also objected on the basis that the Original Plan lacked language addressing the submission of certain post-petition income to the Chapter 13 Trustee. (Dkt. No. 25).

8. Confirmation of Debtor's Original Plan was set for January 29, 2020. Given Debtor's failure to provide certain information to the Chapter 13 Trustee, confirmation was reset to March 4, 2020. (Dkt. No. 27).

9. On February 3, 2020, Debtor filed his amended Debtor's Chapter 13 Calculation of Your Disposable Income ("Amended CDI") (Doc No. 29), Amended Schedule J (Dkt. No. 30), and Amended Proposed Chapter 13 Plan ("Amended Plan") (Dkt. No. 31).

10.     On April 6, 2020, Debtor filed another Amended Plan that did not address the objections to the previous plan. (Dkt. No. 43).

11.     On January 25, 2021, Debtor filed yet another Amended Plan, this time raising the value of the bankruptcy estate by almost $300,000 to $519,918.24. (Dkt. No. 118). 3Cloud did not object to this version of Debtor's Plan and ultimately elected to proceed to an evidentiary hearing about the value of 3Cloud's claim based on the January 25, 2021 Plan.

12.     Judge Schmetterer presided over the hearing and issued a ruling in favor of 3Cloud on August 20, 2021. (Dkt. No. 189). Damages are yet to be determined, but Judge Schmetterer found that Debtor's willfully violated the Illinois Trade Secrets Act, the Defend Trade Secrets Act and that 3Cloud was entitled to a wide array of damages, including compensatory, statutory, and punitive damages, as well as attorneys' fees.

13.     Recognizing that he now stands to have to pay the full amount of the bankruptcy estate following Judge Schmetterer's ruling, Debtor seeks to amend his plan yet again, for what appears to be a fifth time. On February 8, 2022, Debtor sought to amend his plan to reduce his contributions to the estate by almost $350,000. (Dkt. No. 221). There is no basis for this change.

**Argument**

14.     Pursuant to 11 U.S.C. § 1325(b)(1), the Court may not confirm Debtor's Plan if an unsecured creditor objects to confirmation and the Plan either fails to pay the unsecured creditor's claim in full or fails to provide for the payment of all of Debtor's disposable income to unsecured creditors over the applicable commitment period. Debtor's Plan fails to satisfy both requirements.

15.     Debtor's disposable income is calculated by subtracting from his gross monthly income all reasonably necessary expenditures for the maintenance and support of himself and his dependents and any charitable contributions to qualified entities. In that Debtor's household gross

income is over $20,000.00 a month, his reasonably necessary expenditures must be calculated pursuant to 11 U.S.C. § 1325(b)(3).

16. A review of Debtor's Amended Plan reveals expenditures that are excessive, improper and specifically intended to reduce Debtor's disposable income for purposes of reducing monthly plan payments and not permitted by Section 1325(b)(3).

17. A review of Debtor's Amended Plan reveals no plan provisions providing for the submission of certain income Debtor is receiving and virtually certain to receive during the five-year commitment period.

18. Debtor testified at his 341 meeting that he is entitled to receive annual bonuses. Debtor is a Director at Microsoft Corporation who earns a substantial income. On information and belief, Debtor's likely annual bonus is approximately $75,000.00 in cash and $75,000.00 in stock, of which 20% vests annually, with 5% of each grant vesting quarterly.

19. In light of the foregoing issues, Debtor's plan cannot be confirmed. It fails to provide for payment of all of Debtor's disposable income to unsecured creditors as required by 11 U.S.C. § 1325(b)(1) and otherwise appears to have been proposed in bad faith in an attempt to retain income that should otherwise be paid to unsecured creditors.

**WHEREFORE**, 3Cloud respectfully requests that this Court deny confirmation of Debtor's Amended Plan, order that the above referenced expenses not be considered in determining Debtor's disposable income, require that any confirmed plan provide for submission of tuition reimbursement and bonuses to the Trustee and grant such other relief that the Court deems necessary and proper.

Dated: February 22, 2022	Respectfully submitted,

3CLOUD, LLC

By: /s/ Michael S. Ferrell
Michael S. Ferrell
Epstein Becker & Green, P.C.
227 W. Monroe,
Suite 3250
Chicago, IL 60606
Tel. (312) 499-1480
mferrell@ebglaw.com


*-and-*

Robert D. Sweeney
Sweeney, Scharkey & Blanchard LLC
230 West Monroe Street
Suite 1500
Chicago, Illinois 60606
Tel. (312) 384-0500
rsweeney@ssbpartners.com

*Counsel for 3Cloud, LLC*

## CERTIFICATE OF SERVICE

      I, Michael S. Ferrell, the undersigned attorney, hereby certify that on February 22, 2022, I served the foregoing on all counsel of record via the ECF/CM system.

Dated: February 22, 2022             /s/ Michael S. Ferrell